DANIEL S. PEARSON, Judge,
specially concurring.
If the appellant’s defense to the forfeiture proceeding is that the vehicle was not used to facilitate the transportation, concealment or sale of contraband, then it is correct to say that his nolo contendere plea in the criminal case will not collaterally estop him from raising that defense. But if his defense to the forfeiture proceedings is that the discovery of the contraband came about through an illegal seizure and search of the vehicle, then, contrary to the implication in the majority opinion, it is not the defendant’s nolo contendere plea which saves him from the operation of collateral estoppel, but rather that the question of the legality of the seizure and search was neither distinctly put in issue nor directly determined in the criminal case. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951). Had the legality of the seizure and search been put in issue and determined adversely to the defendant in the criminal case, then he would be collaterally estopped from re-litigating that question in the forfeiture proceedings without regard to the plea or outcome in the criminal case.